|   |   |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:22-cr-00176-LK |
| Plaintiff, | ORDER CONTINUING PRETRIAL MOTIONS DEADLINE |
| v. |   |
| SHANNON G. HARTFIELD et al., |   |
| Defendants. |   |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

This matter comes before the Court on Defendant Shannon Hartfield's Unopposed Motion to Extend Pretrial Motions Deadline. Dkt. No. 140. Mr. Hartfield seeks to move the pretrial motions deadline from June 6, 2025 to June 13, 2025. *Id.* at 1. The Government does not object to the motion. *Id.* Codefendant Danesxy Ortega has not yet been formally appointed counsel, and therefore has not submitted a position on the motion. Trial is currently set for July 21, 2025. Dkt. No. 99.

Mr. Hartfield states that, although the Court's earlier order indicated that, "absent a continuance of trial or other extraordinary circumstances, the Court will not continue the pretrial motions deadline again," Dkt. No. 120 at 2, such "extraordinary circumstances exist" warranting

ORDER CONTINUING PRETRIAL MOTIONS DEADLINE - 1

a further extension of the deadline, Dkt. No. 140 at 1. First, as noted above, Mr. Ortega—whose opposed motion to continue trial is pending before the Court, Dkt. No. 114—has recently discharged his counsel. Dkt. Nos. 116, 125; *see also* Dkt. Nos. 132, 133, 138. Second, Michael Miller-Jimerson has withdrawn his guilty plea, discharged counsel, and has yet to be appointed new counsel. Dkt. Nos. 128, 134, 137. He is not charged in the Third Superseding Indictment, and the Government has indicated that it plans to seek a Fourth Superseding Indictment that will include Mr. Miller-Jimerson. Dkt. No. 140 at 2. Mr. Hartfield has reason to believe that the new indictment may also "add at least one more charge involving Mr. Hartfield." *Id.* In light of these changes, it is not clear "how, if at all, the amended charges will impact [pretrial] motions," or what codefendants' "newly appointed counsels' positions [will be] on a trial date." *Id.* Further, Mr. Hartfield avers that it "makes little sense to have different motions deadlines for Mr. Ortega and Mr. Miller-Jimerson . . . which will almost certainly occur if the Court requires Mr. Hartfield to file his motions by" the current pretrial motions deadline. *Id.*

Under Local Criminal Rule 12(c)(1), good cause must be shown to extend the deadline for pretrial motions. *See also* Fed. R. Crim. P. 45(b)(1)(A). Given the uncertainty the parties face due to the pending motion to continue the trial and the additional time needed to consider pretrial motions in light of the Third Superseding Indictment, the Court finds good cause—as well as the extraordinary circumstances it cautioned would be required to extend pretrial deadlines further, Dkt. No. 120 at 2—to grant the requested extension for filing the parties' pretrial motions.

For these reasons, the Court GRANTS Mr. Hartfield's motion, Dkt. No. 140, and ORDERS that the pretrial motions deadline shall be continued from June 6, 2025 to June 13, 2025.

Dated this 4th day of June, 2025.

Lauren King
United States District Judge