UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>SHANNON G. HARTFIELD et al.,<br><br>Defendants. | CASE NO. 2:22-cr-00176-LK<br><br>ORDER GRANTING IN PART AND DEFERRING IN PART GOVERNMENT'S MOTIONS IN LIMINE |

This matter comes before the Court on the Government's Motions in Limine. Dkt. No. 176. For the reasons discussed below, the motions are granted in part and deferred in part.

**I.   BACKGROUND**

This case involves co-defendants Shannon Hartfield and Michael Keylon Miller-Jimerson, who are facing various charges relating to alleged robberies of banks and marijuana dispensaries. Dkt. No. 196 at 1.[1] The Court recently continued trial to May 4, 2026 for both defendants. *Id.* at 25.

---

[1] The Court has recently provided a detailed factual background in its order continuing trial to May 4, 2026. *Id.* at 2–7. It therefore declines to reproduce that summary here.

The Government timely filed its motions in limine on September 15, 2025, which are largely unopposed. *See generally* Dkt. No. 176; *see also* Dkt. Nos. 145, 175. Neither defendant filed a response. The Court now reviews the Government's motions.

## II. DISCUSSION

The Government asks the Court to (1) exclude witnesses from the courtroom prior to their testimony, except for the government case agent and the defense investigator; (2) exclude any reference to the defendants' potential punishment, and (3) permit recall of the government case agent on one occasion. Dkt. No. 176 at 2–5. The Government notes that defendants agree to the first and third requests, and largely agree to the second request. *See id.* at 2, 3, 5. Consistent with Local Criminal Rule 12(b)(4), the Court deems Defendants' lack of response to the Government's motion to "be an admission that . . . the opposition to the motion . . . is without merit." LCrR 12(b)(4).

### 1. Exclusion of Witnesses from the Courtroom

The parties agree that witnesses should be excluded from the courtroom "during all portions of the trial, including opening statements, and until the completion of that witness's testimony," except for the government's case agent (Task Force Officer Ashley Fitzgerald); a defense investigator for each defendant; and Mr. Hartfield and Mr. Miller-Jimerson. Dkt. No. 176 at 2.

As parties who are natural persons, Mr. Hartfield and Mr. Miller-Jimerson will be present at trial. Fed. R. Evid. 615(a)(1). And the Government's case agent and Defendants' investigator are exempt persons under Rule 615(a)(2) or (a)(3). *See id.*, advisory committee notes (noting that the category in (a)(3) "contemplates such persons as an agent who handled the transaction being litigated or an expert needed to advise counsel in the management of the litigation"); *see also United States v. Valencia-Riascos*, 696 F.3d 938, 941 (9th Cir. 2012) ("The advisory committee's

ORDER GRANTING IN PART AND DEFERRING IN PART GOVERNMENT'S MOTIONS IN LIMINE - 2

Case 2:22-cr-00176-LK    Document 197    Filed 10/30/25    Page 2 of 5

notes from the Rule's 1972 proposal and 1974 enactment make clear that subsection [(a)(2)] applies to investigative officers or 'case agents' designated on behalf of the prosecution in criminal cases."). Thus, pursuant to the parties' agreement and Federal Rule of Evidence 615, the Court grants the Government's first uncontested motion in limine. Dkt. No. 176 at 2. The Court further clarifies that non-exempt witnesses subject to recall will be required to exit the courtroom until called back or excused, while excused witnesses may exit or remain in the courtroom following their testimony at their election. Counsel must ensure that there are no prospective non-exempt witnesses in the courtroom during the testimony of another witness, and must admonish witnesses not to discuss the case with non-exempt witnesses who have not yet testified or who are subject to recall.

2. Exclusion of References to Defendants' Potential Punishment

The parties agree that "any mention of the Defendants' possible punishment should be excluded." Dkt. No. 176 at 3. However, "[t]he parties have not agreed on the scope of permissible questioning regarding any punishment or penalties faced by cooperators that committed robberies alongside the Defendants and that may testify for the government." *Id.* "The parties anticipate addressing any evidentiary issues relating to cooperator punishment during the course of the trial as they may arrive." *Id.*

"It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992). "Information regarding the consequences of a verdict is therefore irrelevant to the jury's task." *Shannon v. United States*, 512 U.S. 573, 579 (1994). Accordingly, the Court grants the agreed portion of the government's second motion in limine. *See* Dkt. No. 176 at 3. Counsel shall not elicit testimony or present arguments about the possible sentence or punishment that Defendants could receive if convicted of the charged offenses.

ORDER GRANTING IN PART AND DEFERRING IN PART GOVERNMENT'S MOTIONS IN LIMINE - 3

The parties' dispute over the scope of permissible questioning regarding any punishment or penalties faced by witnesses that may testify for the government does not appear to be ripe at this juncture. While some evidentiary issues related to this dispute may be best resolved "during the course of the trial as they may arrive," *id.*; *see Luce*, 469 U.S. at 41, the Court strongly prefers to resolve known disputes prior to trial. *See United States v. McElmurry*, 776 F.3d 1061, 1066 (9th Cir. 2015) ("[T]he point of in limine resolution of objections is to enable planning and avoid interruptions to a jury trial."). Therefore, the parties should be prepared to discuss this issue at the pretrial conference.[2]

    3. <u>Permitting Recall of Government's Case Agent</u>

The Government seeks to "recall its case agent on one occasion, excluding any rebuttal testimony, to allow for the orderly and sequential presentation of evidence in a manner helpful to the jury." Dkt. No. 176 at 4. The case agent would testify first "generally about her investigation and the robbery conspiracy" and subsequently "about some of the later-in-time bank robberies that occurred towards the end of the conspiracy." *Id.* Defendants do not oppose this request. *Id.* at 5. As part of the agreement between the parties, the Government will "give the defense notice of the discrete robberies that the case agent will testify about during each segment so the defense can be prepared for cross examination." *Id.*

Federal Rule of Evidence 611 provides the Court with wide latitude over the order of testimony to "make [] procedures effective for determining truth; avoid wasting time; and protect witnesses[.]" Pursuant to the parties' agreement and Federal Rule of Evidence 611, the Court GRANTS the Government's unopposed third motion in limine. Dkt. No. 176 at 4–5.

---

[2] To the extent the parties can reach agreement on this issue before then, they should file a joint or unopposed motion to that effect.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS the Government's first and third unopposed motions in limine, and GRANTS IN PART and DEFERS IN PART the Government's second motion in limine. Dkt. No. 176.

Dated this 30th day of October, 2025.

*Lauren King*

Lauren King
United States District Judge